IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANET BURGES as the administrator
of the Estate of Philip Burges,

     Plaintiff,                      No. CIV S-02-1568 FCD JFM P

   vs.

ELI B. RICHMAN, et al.,

     Defendants.            FINDINGS & RECOMMENDATIONS
_____/

        Plaintiff is the administrator of her deceased brother's estate proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated her brother's rights under the Eighth Amendment by acting with deliberate indifference to his serious medical needs arising from a diagnosis and history of liver cancer. Plaintiff also raises a pendent state law claim for medical malpractice arising from the same facts. On December 15, 2004, defendants filed motions for summary judgment.[1] Said motions were noticed for hearing on January 27, 2005 before the undersigned. Pursuant to stipulation of the parties, the hearing was continued to February 3, 2005.

---

[1] Defendant Eli Richman is represented by the law firm of Donnelly & Nelson LLP. The remaining defendants are represented by John W. Riches, II, Deputy Attorney General and will be referred to herein as the state defendants.

1

1    The motions came on for hearing on February 3, 2005.  There was no appearance
2  by or on behalf of plaintiff, nor was there an appearance by or on behalf of defendant Dr. Eli
3  Richman.[2]  John W. Riches, II, Deputy Attorney General, appeared on behalf of the other
4  defendants.  The day before the hearing, plaintiff had filed an application for an extension of the
5  date set for hearing and an extension of time to file opposition to defendants' motions.  By order
6  filed February 10, 2005, the court granted plaintiff until February 17, 2005 to file and serve
7  opposition to the motions.  That deadline has passed and plaintiff has not filed opposition to
8  either motion or otherwise responded to the court's February 10, 2005 order.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
>
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

---

[2] On February 23, 2005, defendant Richman filed a notice declining oral argument.

immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,

1  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
2  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
3  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
4  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
5  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
6  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
7  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
8  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
9  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

ANALYSIS

I. Legal Standards

In order to prevail on a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Such a claim has two elements;  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104, 97 S.Ct. at 291).  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988).

The events complained of occurred in California and therefore plaintiff's medical malpractice claim is governed by California law.

/////

> In California, medical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances. Landeros v. Flood, 17 Cal.3d 399, 408, 131 Cal.Rptr. 69, 72-73, 551 P.2d 389, 392-93 (1976). This standard of care, which is the basic issue in malpractice actions, can be proven only by expert testimony. [Footnote omitted.] Id. at 410, 131 Cal.Rptr. at 74, 551 P.2d at 394. California courts have incorporated the expert evidence requirement into their standard for summary judgment in medical malpractice cases. When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence. Willard v. Hagemeister, 121 Cal.App.3d 406, 412, 175 Cal.Rptr. 365, 369 (1981)

Hutchinson v. U.S., 838 F.2d 390, 391 (9th Cir. 1988).

    A.  Defendant Richman's Motion

In support of his motion, defendant Richman has presented, inter alia, a declaration from Dr. Andrew Ko, a physician who is board certified in Internal Medicine and Medical Oncology. (Declaration of Andrew Ko, M.D. in Support of Defendant Eli B. Richman's Motion for Summary Judgment or in the Alternative Motion for Summary Adjudication, filed December 15, 2004, at ¶ 1.) In his declaration, Dr. Ko avers that he reviewed the decedent's medical records, as well as a deposition transcript of Dr. Robert Osorio and plaintiff's expert report from Judy Passaglia, RN, MS, and that after completion of said review "it is [his] opinion that all of the care and treatment provided to decedent Philip Burges, by Eli B. Richman, M.D. met the applicable standard of care in all respects," and that "the care and treatment rendered to the decedent Philip Burges by Dr. Richman did not cause any injuries to the patient or contribute to the patient's death in this case, nor was there anything omitted that should have been done by Dr. Richman that would have affected the patient's outcome." (Ko Declaration, at ¶ 3.)

Plaintiff has not tendered any evidence to rebut that presented by defendant Richman. Defendant Richman's undisputed evidence shows that his care of plaintiff met the applicable standard of medical care. A fortiori, defendant Richman did not commit medical

5

malpractice, nor did his treatment of plaintiff violate the Eighth Amendment. Defendant Richman is therefore entitled to summary judgment.

### B. State Defendants

The state defendants seek summary judgment on the merits of plaintiff's Eighth claim and they contend that the court should decline to exercise supplemental jurisdiction over plaintiff's state law tort claim. See 28 U.S.C. § 1367(c)(3).

#### 1. Eighth Amendment Claim

##### a. Medical Staff Defendants

In support of their motion for summary judgment, two of the six medical staff defendants sued in this action, Dr. Beams and Dr. Busi, have presented undisputed evidence that their care and treatment of Mr. Burges was "reasonable and medically acceptable." (Ex. A to State Defendants' Motion for Summary Judgment, filed December 15, 2004, Declaration of Raymond L. Andreasen, M.D., at ¶¶ 4,6.) A fortiori, neither defendant violated plaintiff's rights under the Eighth Amendment. For this reason, defendants Beams and Busi are entitled to summary judgment on plaintiff's Eighth Amendment claim.

The other four medical defendants, Drs. Sandham, Williams, Bick, and Steever, have all presented undisputed evidence that they were not personally involved in providing medical care to Mr. Burges for his liver cancer. (Andreasen Declaration, at ¶¶ 5, 7, 8, 9.)

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

Defendants Sandham, Williams, Bick, and Steever have presented undisputed evidence that they were not personally involved in the events complained of. For that reason, these defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim.

b. <u>Non-Medical Staff Defendants</u>

Plaintiff also claims that several non-medical staff defendants acted with deliberate indifference to his serious medical needs when they failed to document his serious medical condition in relevant prison documents (defendants Baughman, Gutierrez, and Canada), refused to process an administrative appeal for a medical consultation as an emergency (defendant Reyes), represented in an initial review report following plaintiff's transfer to California Medical Facility (CMF) that there was "no medical documentation of liver cancer" in plaintiff's file (defendants Coelho, Gonzalez, and Sanchez), and returned to plaintiff without processing administrative appeals plaintiff submitted in an effort to get treatment for his liver (defendant Cry).

Each of these non-medical defendants has presented undisputed evidence that they did not purposefully or intentionally interfere with or delay plaintiff's medical treatment. (Andreasen Declaration, at ¶¶ 15, 16, 17, 18, and 19.) Proof of deliberate indifference is necessary to success on an Eighth Amendment claim, and defendants' undisputed evidence shows that none of the non-medical defendants were deliberately indifferent to plaintiff's medical needs. The non-medical defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim.

2. <u>State Law Claim</u>

Section 1367(c)(3) of Title 28 of the United States Code provides in relevant part that the district court "may decline to exercise supplemental jurisdiction" over a pendent state law claim when, <u>inter alia</u>, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). For the reasons set forth <u>supra</u>, the state defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim. Accordingly, the court

7

will recommend that the district court decline to exercise supplemental jurisdiction over plaintiff's state law claim against defendants Beams, Sandham, Busi, Bick, Williams, and Steever.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Richman's December 15, 2004 motion for summary judgment be granted;

2. Judgment be entered for defendant Richman on plaintiff's Eighth Amendment claim and plaintiff's state law medical malpractice claim;

3. The state defendants' December 15, 2004 motion for summary judgment be granted;

4. Judgment be entered for the state defendants on plaintiff's Eighth Amendment claim;

5. The district court declines to exercise supplemental jurisdiction over plaintiff's state law medical malpractice claim against defendants Beams, Sandham, Busi, Bick, Williams, and Steever; and

6. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////
/////
/////
/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
burg1568.57